UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER LEWIS, | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| vs. | ) COMPLAINT |
| RENT RECOVER OF BETTER NOI, LLC | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, TYLER LEWIS ("Plaintiff"), by and through undersigned counsel, by way of Complaint against Defendant RENT RECOVER OF BETTER NOI, LLC ("Defendant"), states as follows:

### **JURSIDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

2. Venue is proper in this district under 28 U.S.C §1391(b).

### **PARTIES**

3. Plaintiff is a natural person, who at all relevant times has resided in San Clemente, California and is a "consumer" as used and defined under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant is a debt collector within the meaning of the FDCPA because it uses the mails in a business which has a principal purpose of debt collection and because it regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 220 Gerry Drive, Wood Dale, Illinois 60191.

5. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL ALLEGATIONS

6. On a date better known to Defendant, Defendant began to attempt to collect on an alleged debt owed by Plaintiff to Bolling Family Housing ("alleged debt").

7. The alleged debt arises from a transaction for personal purposes and is therefore a consumer debt under 15 U.S.C. § 1692a(5).

8. On or about September 25, 2017, Defendant sent an initial collection letter ("initial collection letter") dated September 25, 2017 in an attempt to collect on the alleged debt to Plaintiff. A copy of Defendant's initial collection letter dated September 25, 2017 is attached hereto as Exhibit A.

9. The initial collection letter stated that the original creditor for the alleged debt is "Bolling Family Housing."

10. The initial collection letter then advised "your past due account has been referred to our office for collection."

11. The initial collection letter never stated who had referred the account to Defendant for purposes of collection and never identified the current creditor of the alleged debt.

12. In response to the initial collection letter, Plaintiff sent a debt validation letter dated October 11, 2017 to Defendant seeking validation and noting Plaintiff's dispute regarding the alleged debt.

13. Plaintiff's debt validation letter was received by Defendant on October 25, 2017.

14. On October 26, 2017, Defendant placed a phone call to Plaintiff at 8:58 am regarding the alleged debt.

15. Defendant then sent Plaintiff what it asserted to be validation of the debt with a letter dated October 26, 2017 now claiming that the original creditor was "Langley Family Housing" instead of "Bolling Family Housing." A true and accurate copy of the October 26, 2017 is enclosed herein as Exhibit B.

16. Defendant claimed to have enclosed validation of debt with its letter dated October 26, 2017, but only sent a completely illegible account ledger which Plaintiff was unable to decipher.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)(2)

17. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as if set forth at length herein.

18. Defendant's initial collection letter did not clearly identify the current creditor of the alleged debt.

19. Defendant's actions are in violation of 15 U.S.C. § 1692g(a)(2) which prohibit the name of the creditor to whom the debt is owed.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(b)

20. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

21. Defendant received a debt validation letter from Plaintiff on October 25, 2017.

22. Defendant called Plaintiff regarding the alleged debt on October 26, 2017, prior to sending any verification of the debt.

23. Defendant's attempt at verification was insufficient as the documentation changed the name of the original creditor and the supporting documents were illegible.

24. Defendant's actions are in violation of 15 U.S.C. § 1692g(b) which prohibits the debt collector from collecting on the debt until the debt collector obtains verification of the debt and mails the verification to the consumer.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(10)

25. Plaintiff repeats the allegations contained in paragraphs 1 through 24 and incorporates them as if set forth at length herein.

26. Defendant sent Plaintiff a letter on October 26, 2017 which falsely named the original creditor of the alleged debt as Langley Family Housing.

27. Defendant's actions are in violation of 15 U.S.C. § 1692e(10) which prohibit the use of any false representation or deceptive means to collect any debt.

## JURY TRIAL DEMAND

28. Plaintiff demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, TYLER LEWIS, respectfully requests that this Court enter judgment against Defendant, and on behalf of Plaintiff, and requests the following:

a. That an Order be entered declaring Defendant's actions, as described above, in violation of the FDCPA;

b. That a Judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c. That a Judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That this Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k (a)(3); and

e. That this Court grant such other and further relief as may be just and proper.

Dated: January 12, 2018

                                                    Respectfully Submitted,

                                                    ___//s// Frank Venis_____
Frank Venis
Venis and Copp LLP
205 West Randolph St., Suite 2000
Chicago, IL 60606
Telephone: 312-469-0707
Email: venis@venisandcopp.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116

5